UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV-15-09293-MWF (KSx)          **Date:** March 22, 2016  
**Title:** Daunshae Andrews –v- Midwest Recovery Systems, LLC

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDER

     On December 1, 2015, Plaintiff Daunshae Andrews initiated this action, alleging violations of the Fair Debt Collection Practices Act and the California Rosenthal Act. (*See generally* Complaint (Docket No. 1)). Plaintiff served Defendant on January 28, 2016, but Defendant has not made an appearance. (*See* Proof of Service (Docket No. 8). On February 22, 2016, the Court issued an Order to Show Cause ("OSC") for lack of prosecution, directing Plaintiff to apply for entry of default by March 7, 2016. (Docket No. 9). Plaintiff has failed to do so.

     It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

     In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-09293-MWF (KSx)            Date:  **March 22, 2016**

Title:      Daunshae Andrews –v- Midwest Recovery Systems, LLC

---

on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff has dragged his feet in prosecuting this action and has disregarded the Court's explicit instructions set forth in the OSC. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when there is a failure to prosecute the action. *Eisen*, 31 F.3d at 1452–53. That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. It is Plaintiff's responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to discharge his responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by issuing the OSC and providing Plaintiff an opportunity to explain why this matter should proceed despite significant delay. Plaintiff has not complied with the OSC and ignored the Court's explicit warning that "[f]ailure to respond . . . will result in dismissal of this action." (OSC at 1); *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

---

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV-15-09293-MWF (KSx)            **Date:** **March 22, 2016**

Title:     Daunshae Andrews –*v*- Midwest Recovery Systems, LLC

      Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with the OSC is appropriate.

      **IT IS HEREBY ORDERED** that this action be **DISMISSED** *without prejudice*. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

      IT IS SO ORDERED.